﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 190807-24773
DATE: February 26, 2021

ORDER

New and relevant evidence has been received to readjudicate the claim of entitlement to service connection for colorectal cancer with metastases to the lung. 

Entitlement to service connection for colorectal cancer with metastases to the lung is granted. 

FINDINGS OF FACT

1. New evidence has been received after the June 2019 rating decision that is relevant to the issue of entitlement to service connection for colorectal cancer with metastases to the lung.

2. The evidence is at least in equipoise as to whether the Veteran’s colorectal cancer with metastases to the lung was caused by his exposure to herbicide agents in Vietnam and/or contaminants in the water supply at Camp Lejeune.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for colorectal cancer with metastases to the lung are met. 38 C.F.R. § 3.156(d).

2. The criteria for service connection for colorectal cancer with metastases to the lung have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from May 1969 to May 1978 with service in the Republic of Vietnam and at Camp Lejeune.

A June 2019 rating decision confirmed and continued the prior denials of entitlement to service connection for colon cancer and lung cancer. The Veteran filed a supplemental claim, and an August 2019 rating decision found that the claim for service connection for lung cancer (diagnosed as colorectal cancer with metastases to the lung) remained denied because the evidence submitted was not new and relevant. The Veteran submitted a timely VA Form 10182 in August 2019 and elected a hearing with a Veterans Law Judge (VLJ) and the opportunity to submit additional evidence in support of his appeal within 90 days after his hearing. 

The Veteran testified before the undersigned VLJ via video conference in September 2020. A transcript of the hearing is associated with the claims file.

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.902(c) (2019). 38 U.S.C. § 7107(a)(2) (2012).

1. New and relevant evidence has been received to readjudicate the claim of entitlement to service connection for colorectal cancer with metastases to the lung. 

The Veteran maintains that he submitted evidence to reopen the claim for service connection for colorectal and lung cancer that is new and relevant and warrants readjudication of the issue. 

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 38 C.F.R. § 3.156(d)." Relevant evidence is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. § 3.2501(a)(1).

The question in this case is whether the Veteran submitted evidence after the prior decision on his claim for service connection, and if so, whether that evidence is new and relevant to his claim.

Here, the Board finds that the Veteran has submitted new evidence after the prior decision that is relevant to his claim. Specifically, the June 2019 rating decision denied the Veteran’s claim after finding that the Veteran’s cancer was not related to his active duty service. Evidence received after this rating decision includes the Veteran’s testimony at the Board hearing and a medical opinion. Thus, the Board finds that the new evidence that was received after the June 2019 rating decision is relevant to his claim. Thus, readjudication of the claim is warranted.

2. Entitlement to service connection for colorectal cancer with metastases to the lung

Laws and Regulations

Generally, service connection may be established if the evidence demonstrates that a current disability resulted from a disease or injury incurred in or aggravated by active duty service. 38 C.F.R. § 3.303. In that regard, service connection may be established for any disease diagnosed after discharge, when all the evidence, including that pertinent to the period of service, establishes the disease was incurred during active duty service. 38 C.F.R. § 3.303(d).

In order to prove service connection, there must be competent and credible evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus or link between the current disability and the in-service disease or injury. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

A veteran who served on active duty in the Republic of Vietnam during the Vietnam Era is presumed to have been exposed to an herbicide agent during such service, absent affirmative evidence establishing that he was not. 38 C.F.R. § 3.307(a)(6), (d). If a veteran exposed to an herbicide agent pursuant to 38 C.F.R. § 3.307(a)(6) develops a disease delineated in 38 C.F.R. § 3.309 (e), it shall be service connected on a presumptive basis even though there is no record of such disease during service.

Further, effective March 14, 2017, VA amended 38 C.F.R. §§ 3.307 and 3.309 providing a presumption of service connection for certain diseases based on exposure to contaminants present in the water supply at Camp Lejeune. The amendment defines “contaminants in the water supply” as the volatile organic compound trichloroethylene (TCE), perchloroethylene (PCE), benzene and vinyl chloride that were in the on-base water-supply systems located at United States Marine Corps Base Camp Lejeune, during the period beginning on August 1, 1953 and ending on December 31, 1987. In order to qualify for presumptive service connection under these provisions, there must be evidence of: (1) a diagnosis of one of the enumerated diseases under the new provision 38 C.F.R. § 3.309(f), (i.e., adult leukemia, aplastic anemia and other myelodysplastic syndromes, bladder cancer, kidney cancer, liver cancer, multiple myeloma, non-Hodgkin’s lymphoma, and Parkinson’s disease), if manifest to a degree of 10 percent or more at any time after service; and (2) service of at least 30 days (consecutive or nonconsecutive) at Camp Lejeune during the period beginning on August 1, 1953, and ending on December 31, 1987. The rulemaking applies to claims received by or pending before VA on or after March 14, 2017. See 82 Fed. Reg. 9, 4173-4185 (January 13, 2017).

Notwithstanding the presumption, service connection for a disability claimed as due to contaminated water at Camp Lejeune, North Carolina, may be established by showing that a disorder resulting in disability was in fact causally linked to such exposure. See Combee v. Brown, 34 F. 3d 1039, 1044 (Fed. Cir. 1994).

Analysis

The Veteran contends he is entitled to service connection for rectal cancer, to include colon cancer and colorectal cancer, which he contends was incurred in his active duty service, from his exposure to herbicide agents in Vietnam and/or contaminants in the water supply at Camp Lejeune. The Board recognizes that the cancer in the Veteran’s lung has been addressed as a separate instance of “lung cancer” instead of colorectal cancer with metastases to the lung. As the evidence reflects that the colorectal cancer has metastasized to his lung, the Board has phrased the issue as listed above. The metastasis is being included in the grant of benefits discussed below. 

First, the Board notes that the RO made a favorable finding that the Veteran has a current diagnosis of colon cancer with metastases to the lung. As such, a current disability has been established. 

With respect to the second element, an in-service incurrence or aggravation of a disease or injury, the RO made favorable findings that the Veteran was exposed to tactical herbicide agents (Agent Orange) based on his confirmed service in Vietnam and that he was exposed to contaminated water at Camp Lejeune. An in-service injury has therefore been demonstrated.

As the record contains evidence of a current disability, and evidence of an in-service injury, what remains to be established is whether there is a nexus between the diagnosed disability and his in-service disease. In this regard, the Board observes that the Veteran’s rectal cancer with metastases to the lung is not on the list of diseases enumerated in 38 C.F.R. § 3.309(e) or (f) for which presumptive service connection is warranted based on herbicide agent exposure or contaminated water exposure at Camp Lejeune. This does not, however, preclude a claimant from establishing service connection for the claimed disorders on a direct basis, to include as due to exposure to herbicides, or Camp Lejeune water contamination. See Combee v. Brown, 34 F.3d at 1039 (Fed. Cir. 1994).

In a March 2019 medical opinion, a VA examiner reported that there was less than a 50 percent probability that the Veteran’s cancer was related to service. It was explained that the Institute of Medicine and the National Research Council concluded that there was insufficient evidence to determine whether an association exists between chronic exposure to unspecified solvents and colon cancer, and a separate study determined that colon cancer was “classified as a disease of secondary interest.” Based on “the lack of association between colorectal cancer and VOC exposure” in the available literature, and the Veteran’s risk factors for developing colon cancer (age, smoking history, history of heavy alcohol consumption, history of adenomatous polyps and obesity), and the length of time spent at Camp Lejeune, the colon and rectal cancer is less likely as not caused by the exposures a Camp Lejeune.

In support of his contention, the Veteran submitted the medical opinion of J.C., Ph.D., a toxicologist and associate professor at a major university.

Dr. J.C. opined in this October 2018 medical opinion that the Veteran likely had daily exposure to a mixture of organic solvents as well as engineer emissions. He opined that the Veteran was exposed to the mixture of organic carcinogens at concentrations that the general public would not be and that several lines of evidence suggest the Veteran’s rectal cancer could link to chemical exposure from Camp Lejeune and/or Vietnam service. Dr. J.C. further explained that it has been shown that occupational exposure to organic solvents such as toluene and xylene, is associated with increased rectal cancer rate and the relationship is even stronger with increasing frequency and concentration of exposure. He also noted Agent Orange is contaminated with dioxin, a known carcinogen. He noted that the long-term effect of dioxin exposure based on a cancer study found a 78 percent excess risk for rectal cancer in an area with medium exposure level. Dr. J.C. stated that he couldn’t rule out the potential additive and synergistic impact on the rectal cancer development due to scenario of chemical co-exposure. He opined that the Veteran’s rectal cancer is more likely than not due to chemical exposure while on active duty. Dr. J.C. supported his conclusions with medical studies. 

At his September 2020 Board hearing the Veteran testified that he was at Camp Lejeune two different times and during this time he was exposed to oils, hydraulic fluids, various greases and cleaning chemicals. He stated it was on his hands and face, so he was breathing in chemicals. He testified that there were fuel dumps on the flight line where he had to go to refuel. He testified that he smoked at one point in his life, but he couldn’t think of anything else that could have caused this. He stated that he was not aware of any family history of this cancer.

Following the hearing, the Veteran’s representative submitted an article from the World Journal of Gastroenterology entitled “Occupational exposures and colorectal cancers: A quantitative overview of epidemiological evidence,” which pointed to increased risks of colorectal cancers for laborers exposed to chemical compounds; and a private medical opinion from C.B., M.D., dated January 31, 2019. 

In the January 2019 medical opinion, Dr. C.B. opined it is at least as likely as not that the Veteran’s colon cancer and metastatic lung cancer was caused by exposure to the many carcinogenic chemicals such as dioxin in Agent Orange, benzene, trichloroethylene, tetrachloroethylene, xylene and others during his years in the service. Dr. C.B. noted that the Veteran does have comorbid conditions that cannot be completely ruled out as having some influence on his cancer development such as being overweight, smoking tobacco and drinking alcohol in his past. However, he stated, when he considers all potential cancer causing influences evaluated in combination, with the scientific studies of potential influences upon cancer development reviewed, he comes to the conclusion that the chemicals the Veteran was exposed to in the military are at least an equal or greater influence upon his cancer development than any other potential influences. In support of his conclusion, he reasoned studies show that chemicals are removed from the body via the digestive system, especially those in water and food. In the Veteran’s case the influence of those chemicals was upon the cell structure of the rectum; one of the primary points in the body where the chemicals will collect prior to elimination, and in collection have greater influence prior to elimination.

Upon review of the record, the Board finds that the probative evidence of record is at least in equipoise as to whether the Veteran’s diagnosed colorectal cancer with metastases to the lung was incurred in service due to exposure to herbicide agents in Vietnam and contaminants in the water supply at Camp Lejeune. The benefit-of-the-doubt rule is therefore for application. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102. 

Resolving reasonable doubt in the Veteran’s favor, service connection for colorectal cancer with metastases to the lung is granted. See 38 U.S.C. § 5107.

 

 

M. Donohue

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Aston, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.